**UNITED STATES of America ex rel.**
**Robert GERLACH**

v.

**Alfred T. RUNDLE, Superintendent.**
**Civ. A. No. 71–303.**

United States District Court,
E. D. Pennsylvania.

April 14, 1971.

Robert Gerlach, pro se.
Alfred T. Rundle, Supt., pro se.

## MEMORANDUM AND ORDER

MASTERSON, District Judge.

The relator, Robert Gerlach, has filed with this Court a petition for a writ of habeas corpus. We have decided to deny the petition without prejudice for failure to exhaust state remedies. 28 U.S. C.A. § 2254.

In May of 1970 relator filed a petition for a writ of habeas corpus in the Court of Common Pleas, Philadelphia County. On June 24, 1970, relator's petition was returned to him with the advice that since he, as a sentenced prisoner, was seeking post-conviction relief, the appropriate procedure would be to file a petition under the Post-Conviction Hearing Act, 19 P.S. §§ 1180–1 et seq. Relator acknowledged the advice but stated that while he was aware of the procedures under the Post-Conviction Hearing Act he had elected, nonetheless, to proceed under original habeas corpus jurisdiction. By so deciding to proceed, relator was in error.

Initially, it should be noted that by enacting the Post-Conviction Hearing Act, *supra*, the Pennsylvania Legislature clearly intended that habeas corpus would no longer be available to sentenced prisoners (like the relator) to litigate alleged deprivations of due process. See 19 P.S. § 1180–13. For those who have not yet been sentenced, the remedy of habeas corpus is available under the provisions of 12 P.S. §§ 1901–1907. However, as to sentenced prisoners (like the relator), the exclusive procedure for seeking habeas corpus relief is under 19 P.S. § 1180–1 et seq. It was this exclusive procedure which relator deliberately intended to by-pass by proceeding under habeas corpus.

While we admit that the state court's handling of relator's attempts to seek final disposition on his ill-conceived petition has left much to be desired, we are nonetheless compelled to conclude that the delay has been caused by relator's calculated attempt to evade those very processes which were exclusively established to provide the remedy which he seeks. Accordingly, relator's instant petition for a writ of habeas corpus will be denied without prejudice for failure to exhaust available state remedies.